## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GUANGZHOU JANGHO CURTAIN WALL SYSTEM ENGINEERING CO., LTD. AND JANGHO CURTAIN WALL HONG KONG LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 17-00017 |

## COMPLAINT

Plaintiffs Guangzhou Jangho Curtain Wall System Engineering Co., Ltd. and Jangho Curtain Wall Hong Kong Ltd. (collectively, "Plaintiff" or "Jangho"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. This action seeks judicial review of certain aspects of the final results of the U.S. Department of Commerce's ("Commerce" or "the Department") administrative review of the countervailing duty ("CVD") order on aluminum extrusions from the People's Republic of China. The contested decision was issued on December 12, 2016 and published in the Federal Register on December 20, 2016. *Aluminum Extrusions from the People's Republic of China: Final Results and Partial Rescission of Countervailing Duty Administrative Review (2014)*, 81 Fed. Reg. 92778 (Dep't of Commerce December 20, 2016) *("Final Results")*. *See* Memorandum from Christian Marsh, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, to Paul Piquado, Assistant Secretary for Enforcement and Compliance; re: *Decision*

*Memorandum for the Final Results of Countervailing Duty Administrative Review: Aluminum Extrusions from the People's Republic of China, 2014 (Fourth Review)* (December 12, 2016). ("I&D Memorandum").

## JURISDICTION

2. Jangho brings this action pursuant to the Tariff Act of 1930, as amended (the "Act"), sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (B)(iii).

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDARD OF REVIEW

4. The standard of review, as set forth in 19 U.S.C. § 1516a(b)(1)(B), is whether the determinations, findings or conclusions of Commerce were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING

5. Jangho is a manufacturer and exporter of the subject merchandise. Jangho was a party to the proceeding that led to the contested determination and is an interested party pursuant to 19 U.S.C. § 1677(9)(A) and participated through written submission of factual information and argument. Jangho, thus, has standing to bring this action under 28 U.S.C. § 2631(c).

**TIMELINESS OF ACTION**

6. Jangho commenced this action by filing a Summons on January 17, 2017, within 30 days after Commerce's publication of the *Final Results* being challenged herein. Jangho is filing this Complaint within 30 days of its filing the Summons. The Summons and Complaint are, therefore, timely filed pursuant to 19 U.S.C. § 1516a(2) and USCIT Rules 3(a)(2) and 6(a).

7. Because Plaintiff's complaint is being filed within the statutory prescribed time periods, this action is timely.

**STATEMENT OF FACTS**

8. In 2011, Commerce issued a countervailing duty order regarding certain aluminum extrusions from the People's Republic of China, *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order,* 76 Fed. Reg. 30653 (Dep't of Commerce May 26, 2011) (the "Order").

9. The Order describes aluminum extrusions that are subject to the scope as:

> Subject aluminum extrusions may be described at the time of importation as parts for final finished products that are assembled after importation, including but not limited to, window frames, door frames, solar panels, curtain walls or furniture. Such parts that otherwise meet the definition of aluminum extrusions are included in the scope. The scope includes the aluminum extrusion components that are attached (e.g., by welding or fasteners) to form subassemblies, i.e., partially assembled merchandise unless imported as part of the finished goods "kit" defined further below. The scope does not include the non-aluminum extrusion components of sub-assemblies or subject kits.

10. The Order excludes "finished goods kit[s]" and "finished merchandise," from its scope as follows:

3

> The scope also excludes finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry, such as finished windows with glass, doors with glass or vinyl, picture frames with glass pane and backing material, and solar panels. The scope also excludes finished goods containing aluminum extrusions that are entered unassembled in a "finished goods kit." A finished goods kit is understood to mean a packaged combination of parts that contains, at the time of importation, all of the necessary parts to fully assemble a final finished good and requires no further finishing or fabrication, such as cutting or punching, and is assembled "as is" into a finished product….

11.     In May 2015, certain interested parties requested that Commerce conduct an administrative review on aluminum extrusions from the People's Republic of China, and on July 1, 2015, Commerce initiated an administrative review for the period covering January 1, 2014 through December 31, 2014 ("POR"). *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 80 Fed. Reg. 37588 (Dep't of Commerce July 1, 2015).

12.     Jangho was chosen as a mandatory respondent in the subject proceeding and fully cooperated in the proceedings. *Final Results*, 81 Fed. Reg. 92778.

13.     Commerce published its Preliminary Results in the subject review on June 13, 2016. *Aluminum Extrusions from the People's Republic of China: Preliminary Results of the Countervailing Duty Administrative Review and Preliminary Intent to Rescind, in Part; 2014*, 81 Fed. Reg. 38137 (Dep't of Commerce June 13, 2016).

14.     Jangho filed a case brief on July 18, 2016, responding to the Preliminary Results. In its case brief, Jangho argued that: (a) Jangho's finished curtain wall and window wall products fall outside the scope of the aluminum extrusions order and should not be included in the administrative review; (b) the Department may not include subsidies attributed to glass for less than adequate remuneration ("LTAR") in its *Final Results*; (c) the Department may not apply a countervailing duty relating to alleged LTAR purchases of aluminum extrusions, the subject

merchandise; (d) the record evidence does not establish that requirements for countervailable subsidies have been met with respect to aluminum extrusions and glass; (e) errors and distortions in the Department's benchmark calculations must be corrected in the *Final Results*; (f) Jangho did not receive policy loans as an aluminum extrusions producer; (g) tax offsets for research and development are not countervailable; and (h) preferential tax policies for high or new technology enterprises are not limited to an enterprise or industry under U.S. CVD law.

15. Jangho also adopted the arguments advanced by the Government of China ("GOC"), that (a) Commerce may not countervail the provision of glass for less than LTAR, as it is not an input in the subject merchandise; (b) aluminum extrusions, the subject merchandise, is not an input to the subject merchandise and, therefore, may not be countervailed for LTAR, (c) Jangho did not purchase glass and aluminum extrusions for LTAR during the POR; and (d) the GOC did not provide policy loans to Jangho during the POR.

16. Jangho filed a rebuttal brief with Commerce on July 28, 2016 arguing that aluminum extrusion producers did not receive policy loans during the period of review and that the Department erred in concluding that certain programs met the "specificity" criteria under the statute.

17. Commerce rejected these arguments in its *Final Results*.

## STATEMENT OF CLAIMS

### Count I

18. Plaintiff herein incorporates by reference paragraphs 1 through 17 *supra*, of this complaint.

19.     Commerce's decision to treat Jangho's curtain and window wall unit imports as subject merchandise is not based on substantial evidence and is otherwise not in accordance with law.

## Count II

20.     Plaintiff herein incorporates by reference paragraphs 1 through 19 *supra*, of this complaint.

21.     Commerce's findings that Jangho received countervailable subsidies attributed to glass for LTAR is unsupported by substantial evidence and contrary to law.

## Count III

22.     Plaintiff herein incorporates by reference paragraphs 1 through 21 *supra*, of this complaint.

23.     Commerce's finding of a countervailable subsidy on glass is inconsistent with the United States' WTO obligations, unsupported by substantial evidence and contrary to law.

## Count IV

24.     Plaintiff herein incorporates by reference paragraphs 1 through 23 *supra*, of this complaint.

25.     Commerce's imposition of a countervailable subsidy on glass, a product not subject to the CVD order, is contrary to law and unsupported by substantial evidence.

### Count V

26. Plaintiff herein incorporates by reference paragraphs 1 through 25 *supra*, of this complaint.

25. The Department's decision that Jangho received aluminum extrusions, the subject merchandise, for LTAR, was contrary to law and unsupported by substantial evidence.

### Count VI

26. Plaintiff herein incorporates by reference paragraphs 1 through 25 *supra*, of this complaint.

27. The Department's decision to apply countervailable subsidies to glass and aluminum extrusions for LTAR was contrary to law and unsupported by substantial evidence.

### Count VII

28. Plaintiff herein incorporates by reference paragraphs 1 through 27 *supra*, of this complaint.

29. Commerce's findings that the alleged programs to provide glass and aluminum extrusions were specific and that Jangho purchased glass and aluminum from government authorities for LTAR was unsupported by substantial evidence and contrary to law.

### Count VIII

30. Plaintiff herein incorporates by reference paragraphs 1 through 29 *supra*, of this complaint.

31. The Department's findings that Jangho received policy loans was unsupported by substantial evidence and contrary to law.

### Count XI

32. Plaintiff herein incorporates by reference paragraphs 1 through 31 *supra*, of this complaint.

33. The Department's findings that preferential tax policies for high or new technology enterprises were limited to an enterprise or industry under U.S. CVD law was unsupported by substantial evidence and contrary to law.

### Count XII

34. Plaintiff herein incorporates by reference paragraphs 1 through 33 *supra*, of this complaint.

35. Commerce's finding that tax offsets for research and development were countervailable subsidies was unsupported by substantial evidence and contrary to law.

### DEMAND FOR JUDGEMENT AND PRAYER FOR RELIEF

For reasons stated in this complaint, Plaintiff respectfully request that the Court:

(1) Hold that Commerce's *Final Results* in the subject administrative review are not supported by substantial evidence and are otherwise not in accordance with law; and

(2) Remand the *Final Results* to Commerce for disposition consistent with the Court's final decision; and

(3) Order Commerce to issue liquidation instructions consistent with this Court's decision; and

(4) Provide such other relief as this honorable Court deems proper.


Dated: February 16, 2017

          Respectfully submitted,

      By:    /s/ Kristen S. Smith

          Kristen S. Smith
          Mark R. Ludwikowski
          Arthur K. Purcell
          Emi Ito Ortiz

          Sandler, Travis & Rosenberg, P.A.
          1300 Pennsylvania Avenue, N.W.
          Suite 400
          Washington DC 20004-3002
          (202) 730-4965
          Fax: (202) 842-2247
          Email: ksmith@strtrade.com

          *Counsel to Guangzhou Jangho Curtain Wall System Engineering Co. Ltd. and Jangho Curtain Wall Hong Kong*